UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

                          Plaintiff,                    Criminal No. 08-29-HA

                                                        OPINION AND ORDER

     v.

SERGIO GONZALEZ-BRIZUELA, et. al.,

                        Defendants.

HAGGERTY, Chief Judge:

      Defendants are charged with conducting an illegal gambling business, pursuant to 18 U.S.C. § 1955.  On June 25, 2008, defendant Sergio Gonzalez-Brizuela filed a Motion to Dismiss Indictment [148].  The court heard oral argument on this motion on August 13, 2008. Previously, the court entered an Order [132] allowing joinder in all co-defendants' motions; as such, all co-defendants are considered joined in the motion currently before the court.

      As an initial matter, the court must consider whether it is appropriate to rule on this

motion at this stage. A pretrial motion is generally capable of determination before trial if it involves questions of law rather than fact. Although uncommon, a district court may dismiss an indictment pretrial for insufficient evidence when the facts are essentially undisputed. *See United States v. Phillips*, 367 F.3d 846, 855 n.25 (9th Cir. 2004).

Defendant Gonzalez-Brizuela's motion raises numerous substantive legal issues, including whether cockfighting is gambling under Oregon law and whether cockfighting is a social game under Oregon law. As it stands, there are insufficient agreed facts to decide these questions under the standards of Rule 12(b)(2).

Defendant Gonzalez-Brizuela also contends that the federal government cannot prosecute for gambling occurring on Native American reservations under § 1955 because the federal law does not explicitly reference "Indian country" and because § 1955 relies on underlying state law, which is inapplicable to the Warm Springs Reservation. In *United States v. E.C. Investments*, 77 F.3d 327, 330-31 (9th Cir. 1996), the Ninth Circuit responded directly to the argument defendant makes here, holding that § 1955 apples to Indian land. Accordingly, the federal government can prosecute defendants under § 1955 for conduct occurring on Native American reservations.

Based on the foregoing, defendant Gonzalez-Brizuela's motion [148] is DENIED with leave to renew at trial.

IT IS SO ORDERED

DATED this  26  day of August, 2008.

                                              /s/ ANCER L. HAGGERTY

                                              ANCER L. HAGGERTY
                                              United States District Judge